1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
KENT R. RAYGOR, Cal. Bar No. 117224
2 | 1901 Avenue of the Stars, Suite 1600
Los Angeles, California  90067-6017
3 | Telephone:  (310) 228-3700
Facsimile:   (310) 228-3701
4 | Email:        kraygor@sheppardmullin.com
   Attorneys for Plaintiff and Counterdefendant
5 | BIG PICTURE GROUP, LLC

6 | MARKS FINCH THORNTON & BAIRD, LLP
DAVID W. SMILEY, Cal. Bar No. 226616
7 | 4747 Executive Drive, Suite 700
San Diego, California, 92121-3107
8 | Telephone:  (858) 737-3100
Facsimile:   (858) 737-3101
9 | Email:        dsmiley@marksfinch.com
   Attorneys for Defendants and Counterclaimants
10 | LORI PATE AND LORI PATE+ LLC

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| BIG PICTURE GROUP, LLC, a California limited liability company, | Case No. 2:14-CV-00569 DMG (SHx) |
| Plaintiff, | ***DISCOVERY MATTER*** |
| v. | [Proposed] **STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION** |
| LORI PATE, an individual; LORI PATE+ LLC, a Colorado limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | Complaint filed:    January 23, 2014 |
| LORI PATE, an individual; LORI PATE+ LLC, a Colorado limited liability company; and DOES 1 through 10, inclusive, | |
| Counter-Claimants, | |
| v. | |
| BIG PICTURE GROUP, LLC, a California limited liability company; STEPH SEBBAG, an individual; and ROES 1 through 10, inclusive, | |
| Counter-Defendants. | |

# **TABLE OF CONTENTS**

**Page**

1.  DEFINITIONS ............................................................................ 1

2.  DESIGNATION OF CONFIDENTIAL INFORMATION ............................. 2

3.  DEPOSITIONS .......................................................................... 4

4.  DISCLOSURE OF DESIGNATED CONFIDENTIAL
    INFORMATION ......................................................................... 5

5.  CHALLENGING A DESIGNATION ................................................. 9

6.  INADVERTENT FAILURE TO DESIGNATE ..................................... 10

7.  CUSTODY AND DISPOSITION OF DESIGNATED
    CONFIDENTIAL INFORMATION................................................... 11

8.  MISCELLANEOUS PROVISIONS ................................................. 12

9.  FILING OR LODGING UNDER SEAL ........................................... 13

10. GOOD CAUSE STATEMENT ..................................................... 14

# I.

## <u>STIPULATION RE CONFIDENTIAL INFORMATION</u>

IT IS HEREBY STIPULATED by the parties in this action, by and through their respective attorneys of record and pursuant to FED. R. CIV. P. 26(c)(1) and 29 and C.D. CAL. LOCAL RULE 79-5.1, that discovery in this case of confidential information shall be had on the following terms and conditions:

## 1.   <u>DEFINITIONS.</u>

1.1    As used herein, the term "confidential information" means: (a) any type of information that has not been made generally available to the public and the disclosure of which the disclosing party or non-party contends would cause serious harm to the disclosing party's or non-party's business operations or interests, including, but not limited to, contracts for personal services, customer lists, customer data, costs of goods or services sold, manufacturing or other costs of doing business, employee salaries, personnel file information, marketing plans, financial performance data, sales records, inventory sheets, and manufacturing, product development, and business development strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; and (c) any other oral, written, or recorded material that consists of or contains trade secrets (as defined in CALIFORNIA CIVIL CODE § 3426.1(d)) or other confidential research, development, or commercial information (as defined in FED. R. CIV. P. 26(c)(1)(G)).

1.2    As used herein, the terms "document", "documents", "tangible things", "recordings", and "photographs" mean documents, writings, tangible things, recordings, and photographs as defined in FED. R. CIV. P. 34(a) and FED. R. EVID. 1001, and include, but are not limited to, records, exhibits, reports, samples,

1  transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes,
2  abstracts, drawings, company records and reports, answers to interrogatories,
3  responses to requests for admissions, and motions, including copies or computer-
4  stored versions of any of the foregoing.
5
6      1.3    As used herein, the term "designating party" means a party or non-party
7  that designates information or items that he, she, or it produces in disclosures or in
8  responses to discovery as CONFIDENTIAL or CONFIDENTIAL - COUNSEL
9  ONLY, as defined below.  Any non-party wishing to so designate information or
10  items must execute the declaration entitled Declaration Confirming Compliance With
11  Stipulated Protective Order Re Designation Of Confidential Information
12  ("*Compliance Declaration*") attached hereto as EXHIBIT A.
13
14  **2.    DESIGNATION OF CONFIDENTIAL INFORMATION.**
15
16      2.1    This Protective Order applies to all discovery responses, documents,
17  testimony, and other materials containing confidential information disclosed in this
18  action that are designated by a party or non-party as CONFIDENTIAL or
19  CONFIDENTIAL - COUNSEL ONLY, as defined below, whether such disclosure is
20  by order of the Court or by response to questions in a deposition, written
21  interrogatories, requests for the production of documents and other tangible things,
22  requests for admission, deposition notices, subpoenas to produce documents, things or
23  tangible items, or any other discovery undertaken in this action.
24
25      2.2    Any party or non-party may protect information he, she, or it believes
26  constitutes his, her, or its confidential information by designating such information as
27  CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as defined below, prior
28  to or at the time of disclosure of such information.  Such designation shall be

-2-

1   accomplished by placing the notation CONFIDENTIAL or CONFIDENTIAL -

2   COUNSEL ONLY (or some notation essentially equivalent to the phrase

3   CONFIDENTIAL - COUNSEL ONLY) on every page of each document or portion

4   thereof so designated.  In the case of confidential information disclosed in a non-

5   paper medium (e.g., videotape, audiotape, computer disks, etc.), the notation

6   CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall be affixed to the

7   outside of the medium or its container so as to clearly give notice of the designation.

8   Such designation is deemed to apply to the document itself and to the confidential

9   information contained therein.

10

11          2.3     Confidential information so designated shall be used only for the

12   purposes of this litigation and may not be used by any party or non-party to whom or

13   which that information is produced or disclosed for research, development, sales,

14   marketing, publicity, or competitive purposes, or any other purpose.  Confidential

15   information so designated shall not be disclosed to anyone other than those persons

16   identified in Paragraphs 4.3 and 4.4, infra, except as may be ordered by the Court or

17   agreed to in writing by the designating party.  If any information designated by a

18   party or non-party as confidential is used by a party to whom or which it has been

19   produced or disclosed as part of a paper filed or lodged with the Court in this action or

20   in a response to a discovery request in this action, the party using that information

21   shall take all reasonable steps to preserve the continued confidentiality of that

22   designated confidential information.  This includes maintaining the designation of

23   confidentiality in all places where that information is so used and requesting that such

24   information is filed or lodged with the Court under seal in accordance with the

25   procedures of Local Rule 79-5.1.

26

27          2.4     The parties and any non-parties asked to produce confidential

28   information shall use reasonable care to avoid designating any materials as

1 CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY that are (a) not entitled
2 to such designation, or (b) are generally available to the public.

3

4 **3.    DEPOSITIONS.**

5

6         3.1    With respect to the examination of witnesses upon oral deposition, when
7 designated confidential information is supplied to the deponent, or when the
8 deponent's testimony contains, reflects, or comments on designated confidential
9 information, the deposition reporter and/or videotape operator shall be informed of
10 this Protective Order by the party seeking to invoke its protection, and will be
11 required to agree to be bound by its terms in accordance with <u>Paragraph 4.5</u>, infra.
12 The reporter and/or videotape operator then shall place on the cover of any deposition
13 transcript or videotape that contains any designated confidential information the
14 words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT
15 PROTECTIVE ORDER" or "CONTAINS CONFIDENTIAL - COUNSEL ONLY
16 INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER", depending on
17 the designation made by the designating party. Counsel for the parties then shall take
18 appropriate steps to prevent any portions of any deposition transcript or videotape
19 designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY from being
20 disclosed to any person, except as provided in this Protective Order.

21

22         3.2    All testimony at a deposition shall be presumed to be designated
23 CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY if this Protective Order
24 is invoked by a party at the deposition until the specific pages of the transcript
25 containing designated confidential information are identified and designated
26 CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as provided below.
27 The party invoking this Protective Order shall, within thirty (30) days after receiving
28 a copy of the deposition transcript, provide all parties with a written list of the page(s)

of the deposition transcript, and any exhibits attached thereto, that the party has designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY.  If a deponent has disclosed something at a deposition that a party believes should be designated as confidential information, the party so believing can go back during the deposition and designate that information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as may be appropriate.

3.3     Each deponent to whom any party proposes to disclose designated confidential information at a deposition, trial, or other proceeding shall be given a copy of this Protective Order and informed of its contents.  The parties shall take all reasonable steps to have such witnesses sign the Compliance Declaration attached hereto as EXHIBIT A and referenced herein in Paragraphs 4.5 and 4.6, infra.

3.4     If designated confidential information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.  If designated confidential information is to be discussed or disclosed at a hearing or at trial, the parties may request that the Court exclude from the courtroom any person who is not entitled to receive such confidential information during that portion of the hearing or trial in which the confidential information is actually discussed or disclosed.

**4.      DISCLOSURE OF DESIGNATED CONFIDENTIAL INFORMATION.**

4.1     The parties, counsel for the parties, and all persons who execute the Compliance Declaration shall maintain all designated confidential information in

-5-

confidence and shall not disclose such information, directly or indirectly, to any person except as provided in this Protective Order.

4.2     While the disclosure of confidential information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY to persons not authorized by this Protective Order could, by definition, be prejudicial to the business, operations, or interests of the designating party, the CONFIDENTIAL and CONFIDENTIAL - COUNSEL ONLY designations should not be overused.

4.3     Access to confidential information designated as CONFIDENTIAL shall be limited to the following persons:

4.3.1  Outside counsel for the parties and their support personnel.  If any outside vendors (e.g., copy services) are used as support personnel for outside counsel for the parties, they shall comply with the requirements of <u>Paragraph 4.5</u>, infra.

4.3.2  Pursuant to <u>Paragraphs 4.5 and 4.6</u>, infra, consultants requested by the parties' counsel to furnish expert or litigation support services in this litigation. Any such consultants shall comply with the requirements of <u>Paragraphs 4.5 and 4.6</u>, infra.  No such consultant may (a) be a present or former employee, director, or officer of another party to this action, (b) have any ownership or business interest in another party to this action, or (c) be a present or former employee, director, or officer of a person who might reasonably be considered a competitor of another party to this action, without following the procedure set forth in <u>Paragraphs 4.5 and 4.6</u>, infra.

4.3.3  Pursuant to <u>Paragraphs 3.1 through 3.4</u>, supra, and <u>Paragraphs 4.5 and 4.6</u>, infra, deponents at their depositions on a need to know basis.  Counsel should

-6-

1    have a good faith belief that such disclosure is necessary before disclosing designated

2    confidential information to the deponent.

3

4           4.3.4  Pursuant to Paragraphs 4.5 and 4.6, infra, the parties to this action.

5

6           4.3.5  The Court and Jury.

7

8           4.4    Access to confidential information designated CONFIDENTIAL -

9    COUNSEL ONLY shall be limited to those persons described in Paragraphs 4.3.1,

10   4.3.2, 4.3.3, and 4.3.5, supra.  Unless agreed to by the designating party in writing, no

11   deponent who or which is a party to this action, or a present or former employee or

12   agent of a party to this action, shall be given access to confidential information

13   designated CONFIDENTIAL - COUNSEL ONLY by any other party.

14

15          4.5    Each (a) outside vendor authorized pursuant to Paragraph 4.3.1, supra,

16   (b) consultant authorized pursuant to Paragraph 4.3.2, supra, (c) deponent authorized

17   pursuant to Paragraph 4.3.3, supra, and (d) party authorized pursuant to Paragraph

18   4.3.4, supra, shall, prior to being given access to designated confidential information,

19   acknowledge in writing his or her familiarity with the terms of this Protective Order

20   and execute the Compliance Declaration, attached hereto as EXHIBIT A.

21

22          4.6    If a party or his, her, or its counsel wants to disclose another party's or a

23   non-party's designated confidential information to any consultant described in

24   subparts (a), (b), or (c) of Paragraph 4.3.2, supra, disclosure shall be allowed only if

25   the party desiring such disclosure obtains the designating party's consent or a court

26   order.  The following procedure shall apply to obtaining consent for such disclosure:

27

28

4.6.1  Notice of the name, address, telephone number, and title or position of such consultant, and a curriculum vitae for the consultant, shall be served in writing on the designating party for his, her, or its consent to disclosure of confidential information to such consultant.  That notice shall be provided by registered mail, with a courtesy copy via facsimile.

4.6.2  Consent to the disclosure shall not be unreasonably withheld, and shall be granted or denied within ten (10) days of receipt of the written notice via registered mail.  A failure to respond within the ten-day period shall operate as consent.

4.6.3  No such notice is required if the consultant is not within the categories specified in subparts (a), (b), or (c) of Paragraph 4.3.2, supra.

4.6.4  If any objection to disclosing confidential information to such an identified consultant is made within the ten-day period, and that objection cannot be resolved by agreement between the party seeking disclosure and the designating party, the party seeking disclosure of the confidential information may move the Court for an order allowing such disclosure, in accordance with the procedures set forth in Local Rules 37-1 through 37-4.

4.7    Nothing herein shall prohibit a party, or his, her, or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document.

1  **5.     CHALLENGING A DESIGNATION.**

2

3          5.1     As stated above in <u>Paragraph 1.1</u>, the term "confidential information", as

4  defined herein, is directed at information that, if disclosed other than as provided in

5  this Protective Order, would cause serious harm to the designating  party's business

6  operations or interests.  As further stated above in <u>Paragraph 2.4</u>, the designating

7  parties shall use reasonable care to avoid designating any materials as

8  CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY that are (a) not entitled

9  to such designation, or (b) are generally available to the public.  As further stated

10  above in <u>Paragraph 4.2</u>, the CONFIDENTIAL and CONFIDENTIAL - COUNSEL

11  ONLY designations should not be overused.  In furtherance of the goal of using the

12  confidentiality designations provided for herein as little as possible, the parties and

13  any non-parties asked to produce confidential information agree that they will actively

14  work to avoid the over-designation of information produced in discovery in this

15  action.  With respect to confidential information that will be designated as subject to

16  the more restrictive confidentiality designation allowed herein, CONFIDENTIAL -

17  COUNSEL ONLY, the parties and any non-parties asked to produce confidential

18  information agree that they will use that more restrictive designation only if the

19  designating party reasonably and in good faith believes that the material being

20  designated contains:   (a) trade secrets; or (b) highly confidential, non-public, personal

21  or proprietary business information, the disclosure of which would be especially

22  detrimental or harmful to the producing party or non-party if disclosed beyond the

23  limited class of permitted recipients as delineated herein.  If only a portion of a

24  document contains matter that meets either of these standards, then only that portion

25  will be designated CONFIDENTIAL - COUNSEL ONLY, and the balance of the

26  document will either not be designated or will be designated CONFIDENTIAL,

27  whichever is appropriate.

28

1      5.2    In the event that counsel for any party at any time believes that

2 designated confidential information should not be so designated, or that a different

3 designation should be employed, such counsel shall employ the procedures of Local

4 Rules 37-1 through 37-4 to resolve that dispute.  The designating party shall bear the

5 burden of persuasion that it has properly designated the subject materials under the

6 standards set forth herein.  The Court shall impose a monetary sanction under FED. R.

7 CIV. P. 37(a)(4) against any party, person, or attorney who unsuccessfully makes or

8 opposes such a motion, unless it find that the one subject to the sanction acted with

9 substantial justification or that other circumstances make the imposition of the

10 sanction unjust.

11

12      5.3    For documents that any party might wish to file with the Court under

13 seal, that party shall employ the procedures of Local Rule 79-5.1 and comply with the

14 requirements of Section 9, infra.

15

16      5.4    No party shall be obliged to challenge the propriety of a

17 CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY designation, and a

18 failure to do so shall not preclude a subsequent attack on the propriety of such

19 designation.

20

21 **6.    INADVERTENT FAILURE TO DESIGNATE.**

22

23      6.1    The inadvertent failure to designate confidential information as

24 CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY prior to or at the time of

25 disclosure shall not operate as a waiver of a party's or non-party's right to designate

26 such information as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY

27 within thirty (30) days after such disclosure or after notice of such disclosure,

28 whichever is later.

-10-

6.2    In the event that confidential information is designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY after disclosure but within the thirty (30) day period allowed under Paragraph 6.1, supra, the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, as appropriate, pursuant to the terms of this Protective Order.

6.3    Should any document or information designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party that designated the document, and (c) request such person to sign the Compliance Declaration, attached hereto as EXHIBIT A. The executed Compliance Declaration shall then promptly be served upon the party or non-party that designated the document or information.

## 7.    CUSTODY AND DISPOSITION OF DESIGNATED CONFIDENTIAL INFORMATION.

7.1    Confidential information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall be maintained in the custody of counsel for the parties, except for information in the custody of:  (a) the Court; (b) any court reporter transcribing testimony given in this action, for the limited purpose of rendering his or her normal transcribing services; and (c) consultants entitled to see such information under the terms of this Protective Order, to the extent necessary for

-11-

their study, analysis, and preparation of the case.  Except for the Court, a person with custody of information designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY shall maintain it in a manner that limits access to it to only those persons entitled under this Protective Order to examine it.

7.2     Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, the parties, counsel for the parties, and all persons who executed the Compliance Declaration agree that they will destroy or return to the designating party all copies of any documents, other than attorney work product, containing designated confidential information produced by a party or non-party.  Notwithstanding the foregoing, counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases.  Such file copies must be maintained under the conditions of maintaining CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY documents as set forth in Paragraph 7.1, supra.

## 8.     MISCELLANEOUS PROVISIONS.

8.1     The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand.

8.2     A designation of confidentiality pursuant to this Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all the designating party. These obligations of confidentiality and non-disclosure shall survive the conclusion of

-12-

1 this action unless and until otherwise ordered by the Court, or until the designating
2 party stipulates that designated confidential information can be disclosed.

4     8.3    By entering into this Protective Order, no party waives any objections it
5 might have to the production of documents covered by this Protective Order.

7     8.4    No party to this action, by entering into this Protective Order, by
8 designating certain information as CONFIDENTIAL or CONFIDENTIAL -
9 COUNSEL ONLY, or by acquiescing in any other party's or non-party's such
10 designation, shall be deemed to have admitted or agreed that any such designated
11 information is, in fact, a trade secret or other confidential research, development, or
12 commercial information.

14     8.5    The designation of confidentiality is not admissible before a jury.

16     8.6    The Court retains jurisdiction even after termination of this action to
17 enforce this Protective Order and to make such deletions from or amendments,
18 modifications, and additions to the Protective Order as the Court may from time to
19 time deem appropriate.  The parties hereto reserve all rights to apply to the Court at
20 any time, before or after termination of this action, for an order modifying this
21 Protective Order or seeking further protection against disclosure or use of claimed
22 confidential information.

24 **9.    FILING OR LODGING UNDER SEAL.**

26     If any party seeks to file or lodge with the Court any documents or things that
27 contain designated confidential information, such materials shall be submitted to the
28 Court in accordance with the procedures set forth in Local Rule 79-5.1 for filing

-13-

1  documents under seal.  No document(s) may be filed or lodged under seal absent
2  Court Order pertinent to the specific document(s). [See Paragraph 17 of Magistrate
3  Judge Stephen J. Hillman's courtroom procedures posted at
4  http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007f
5  a070/6f88252f9533d5b6882579f5006b07fb?OpenDocument.]  Where one party
6  wishes to file or lodge any documents or things with the Court under seal, the other
7  parties shall not unreasonably withhold agreement to such filing or lodging under
8  seal.  If such agreement is provided, the parties shall submit to the Court a stipulation
9  and proposed order for such filing or lodging under seal.  If no such agreement is
10  provided, then the filing or lodging party shall submit an application and proposed
11  order to the Court pursuant to Local Rule 79-5.1.
12
13  **10.**   **GOOD CAUSE STATEMENT.**
14
15       Pursuant to FED. R. CIV. P. 26(c)(7), good cause exists for entry of this
16  Protective Order because the parties to this action (1) either have sought or might seek
17  the discovery of certain information in this action that the parties believe or a non-
18  party believes is sensitive or confidential, (2) believe that unrestricted disclosure or
19  dissemination of such information could cause them or a designating non-party some
20  business or commercial injury, (3) desire an efficient and practicable means to
21  designate such information as confidential and control its disclosure or dissemination,
22  and (4) have agreed to such means as set forth herein.
23
24  Dated:  October 3, 2014      SHEPPARD MULLIN RICHTER & HAMPTON LLP
25
26               By _____ /s/ Kent R. Raygor _____
27                              KENT R. RAYGOR
                        Attorneys for Plaintiff and Counterdefendant
28                           BIG PICTURE GROUP, LLC

-14-

1  Dated:  October 3, 2014        MARKS FINCH THORNTON & BAIRD LLP

2

3                                  By _____/s/ David W. Smiley_____

4                                            DAVID W. SMILEY
                                   Attorneys for Defendants and Counterclaimants
5                                  LORI PATE AND LORI PATE+ LLC

6

7                                           II.

8                                  [Proposed] ORDER

9

10        This Court finds that good cause exists for the proposed Protective

11  Order.  IT IS SO ORDERED.

12

13  Dated:  October 7, 2014        _____

14                                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19  431301812.3

20

21

22

23

24

25

26

27

28

                                   -15-

## DECLARATION CONFIRMING COMPLIANCE WITH STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

I, _____, hereby declare the following:

1.    My address is _____. My telephone number is (_____) _____ - _____.

2.    I have read and I understand the Stipulated Protective Order Re Confidential Information ("**Protective Order**"), entered in this action, and I agree to be bound by its terms.

3.    I understand that this Protective Order requires me not to disclose any information designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY that is provided to me in the course of my involvement in this litigation to any person not authorized by this Protective Order to receive such information.

4.    I agree that I shall return all documents containing any information designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, that have been provided to me, together with any work product including such information designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, upon demand by the Court or the counsel or party who furnished such information to me.

5.    I consent to the jurisdiction of the United States District Court for the Central District of California, Western Division, with respect to any actions of any kind whatsoever relative to the enforcement of the Protective Order, recognizing that in doing so I subject myself to the full powers of that Court, including the power of imposing sanctions for contempt.

-16-

1            I declare under penalty of perjury under the laws of the State of

2 California and the United States of America that the foregoing is true and correct.

3

4            Executed on _____ ___, 201_ at

5 _____ (city), _____(state).

6

7

8                 (signature) _____

9                 (printed name) _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28